JODI LINKER
Federal Public Defender
Northern District of California
ELIZABETH FALK
Senior Litigator
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:       Daniel_Blank@fd.org

Counsel for Defendant Melero-Luna

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR MELERO-LUNA,<br><br>Defendant. | **Case No.:** CR 22–0434 TLT<br><br>**UNOPPOSED MOTION AGAINST MANDATORY REMAND UNDER 18 U.S.C § 3143**<br><br>**Hon. Trina L. Thompson**<br>**Court:** Courtroom 9, 19th Floor<br>**Hearing Date:** March 15, 2024<br>**Hearing Time:** 9:30 a.m. |

**INTRODUCTION**

Victor Melero-Luna, the defendant in the above-captioned case, is schedule to next appear before the Court on Friday, March 15, 2024, at 9:30 a.m., for a sentencing hearing on one count of 18 U.S.C. § 2252(a)(2) and (b), Distribution of Child Pornography.  In connection with the sentencing hearing, Paragraph 13 of the Court's Standing Order for Criminal Cases provides as follows:

> Prior to change of plea and sentencing hearings for out-of-custody Defendants, the government shall indicate whether the offense of conviction is subject to the mandatory remand statute, 18 U.S.C. § 3143. The government shall email the Court (with all counsel cc'd) to TLTCRD@cand.uscourts.gov by no later than the Monday before the hearing.

The Court's standing order does not mention 18 U.S.C. § 3145, nor does it provide for the parties to submit its position as to whether the defendant may be subject to release pursuant to 18 U.S.C. § 3145(c) notwithstanding the applicability of the mandatory remand provisions of § 3143.

Here, Mr. Melero Luna has confirmed that **the government will not move for his mandatory remand at the sentencing hearing.**  The undersigned further has the permission of the United States to represent to the Court that Mr. Melero Luna's motion to self-surrender to the Bureau of Prisons is unopposed by the government.[1]  Moreover, in the Final Presentence Report, the United States Probation Office has stated its Recommendation that Mr. Melero Luna "is considered to be a good candidate for voluntary surrender." *Id*. at 3.  Absent a motion on the part of a party, it will be the Court's discretionary decision whether or not to immediately remand Mr. Melero Luna or to allow him the benefit of ongoing rehabilitation support, programming, and physical family assistance as he makes his transition and reports to the Bureau of Prisons.

The instant motion requests the Court to forgo mandatory remand for Mr. Melero-Luna, who just turned 23 years old in October, 2023.  Since November 16, 2022, when this case was initiated in this court, Mr. Melero Luna has successfully complied with all of his conditions of federal pretrial release imposed under 18 U.S.C. § 3142(c).  *See* PSR at ¶ 5, Recommendation, p. 3.  He also has zero criminal history prior to the instant case and has never before been in jail.  Both before and after he

---

[1] Although there will not be a motion for remand on the part of the government or U.S. Probation, Mr. Melero-Luna submits the instant memorandum in the abundance of caution given the Court's standing order.

MOTION AGAINST MANDATORY REMAND
*MELERO-LUNA*, CR 22–0434 TLT

1

was indicted in this case, Mr. Melero Luna has lived a sheltered life with his mother, father and siblings in an apartment building in San Francisco.  The family is extremely close; all know about Mr. Melero Luna's transgressions and have worked hard to support his rehabilitation this past year.  As a very young potential county jail inmate with zero experience navigating jail populations, Mr. Melero Luna would be an extremely vulnerable identified sex offender in Santa Rita were this Court to order his remand at sentencing.  This important issue -- coupled with the fact that the conduct in this case occurred in 2018/2019 when Mr. Melero Luna was only 17 and 18 years old, respectively – strongly suggests that he not be considered either a flight risk or a danger to the community at this juncture.  He should instead be allowed to report to the Bureau of Prisons out of custody.

## ARGUMENT

Courts have long recognized that remand into custody pending execution of sentence and a defendant's surrender to the Bureau of Prisons pursuant § 3143(a)(2) is not mandatory if there are exceptional reasons why such detention would be inappropriate.  Release of a criminal defendant pending execution of sentence is governed by 18 U.S.C. § 3143(a). That statute provides varying standards for making release determinations, depending on the nature of the offense of conviction and whether the U.S. Sentencing Guidelines recommend a sentence of imprisonment. Here, the release standard is set forth in § 3143(a)(2), which normally requires detention unless the defendant is not likely to flee or pose a danger, and there is either a substantial likelihood that a motion for acquittal or new trial will be granted or the government is not seeking imprisonment.  However, upon a clear showing of "exceptional reasons why such person's detention would not be appropriate," release on conditions may be ordered so long as the defendant is not a flight risk or a danger to the community. 18 U.S.C. § 3145(c)

Here, the record demonstrates by clear and convincing evidence that Mr. Melero Luna is not likely to flee or pose a danger to the safety of any other person or the community if he is permitted to remain on pretrial release under § 3142(c) and the record clearly shows that there are exceptional reasons why his detention would not be appropriate pending execution of sentence.

First and foremost, Mr. Melero Luna's exemplary conduct while on pretrial release in this case since November 16, 2022 demonstrates by clear and convincing evidence that he is not likely to flee or

pose a danger to the safety of any other person or the community if permitted to remain on that release. Mr. Melero Luna, who is only 23 years old and has no prior criminal arrests or convictions of any kind (see Post Bail Report, Dkt. 13 at pg. 4), was placed on an ankle monitor and a curfew pursuant to the Adam Walsh Act requirements at the outset of his pretrial release. *Id*. at 1-2. He has scrupulously complied with those terms for over a year. Moreover, he actively participates in mental health counseling through U.S. Pretrial that is specifically geared towards sex offenders. Were this Court to remand him, he would lose the benefit of this important, ongoing counseling and treatment as surrender to the Bureau of Prisons approaches – a critical time in a life cycle of a case of this nature when he must prepare for a period of incarceration. Should the Court remand Mr. Melero Luna, he would also lose the immediate support of his close family members, which is extremely important to a young person facing a substantial custodial sentence. *See, e.g., United States v. Charger*, 918 F.Supp. 301, 303-304 (D.S.D. 1996)(finding exceptional reasons where young first-time offender was in need of guidance available to him at his father's home and was participating in out-patient alcohol treatment, such that to imprison him "would be counterproductive . . . . [and] would harm defendant and the interests of society")

      Both the conduct itself and the nature of the charge merit a finding by this Court that Mr. Melero Luna not be considered a flight risk, nor a danger to the community. Specifically, the offense conduct in this case occurred well over four years ago, in 2019. A federal search warrant was executed at Mr. Melero Luna's house on January 15, 2020. During that execution, Mr. Melero Luna gave a lengthy recorded statement where he spoke with federal agents for nearly two hours, and made a full confession as to his conduct. Following that search and interview, Mr. Melero Luna neither fled the jurisdiction nor engaged in further criminal conduct. He instead essentially waited for several years to be arrested. Once he did, he was again fully cooperative with law enforcement. These factors, as well as his age and family support, led the magistrate court to immediately release Mr. Melero Luna from custody at his initial appearance, rather than wait for a prebail report. He has lived up to all Court-ordered obligations as well, and fully intends to continue to comply with those obligation up to and including his surrender for sentence.

      Should the Court permit Mr. Melero Luna to remain out of custody and self-surrender to the

MOTION AGAINST MANDATORY REMAND
*MELERO-LUNA*, CR 22–0434 TLT

3

Bureau of Prisons, he will have a much more favorable road to a successful incarceration. The Bureau of Prisons has substantial expertise in both designating and safely housing sex offenders, including very young men such as Mr. Melero Luna who has never before been in trouble with the law or in jail. Special units have been created within the Bureau to safely house sex offenders together, such that inmates are not subjected to abuse or risk of bodily harm. The same facilities and protection are not afforded at the Santa Rita Jail, who will necessarily place Mr. Melero Luna in protective custody should be be remanded, where he will face substantial lockdown restrictions and isolation conditions due to the nature of the charge against him. When the ultimate goal is full rehabilitation and re-integration of Mr. Melero Luna into law-abiding society, it would be a significant backstep to unduly confine him in a county jail setting when he has not broken any of the Court's rules, nor shown anything but the utmost respect for the law and the judicial process since he has been arrested. Indeed, the risk of harm to a young person with the type of charge at issue in this case has been specifically contemplated by the Ninth Circuit as a factor that mitigates against mandatory remand. *See, e.g. Garcia*, 340 F.3d at 1015:

> Nor do we foreclose the possibility of finding exceptional circumstances in a case in which incarceration would impose exceptional risks on a defendant involving his physical or mental well-being -- risks that might arise as a result of the nature of his crime or even as a result of his possessing certain physical, psychological, or other characteristics.

For all of these exceptional reasons, including the fact that there will not be a motion on the part of the government to remand Mr. Melero Luna, it is respectfully submitted that the Court allow Mr. Melero Luna to continue receiving therapy, mental health treatment, and engage the support of friends and family through to and including the day he self-surrenders to the Bureau of Prisons.

Dated:     March 11, 2024                    Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

_____/S_____
ELIZABETH FALK
Assistant Federal Public Defender